IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-00149-01-CR-W-HFS |
| | ) | |
| EDWARD J. GOLDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant seeks to suppress evidentiary use of (1) a firearm found in his car, because the search was conducted without a warrant and while he was under arrest, separated from the car, (2) a statement that there was a gun in the car, because, although under arrest, he had not been Mirandized, and (3) a subsequent statement about the gun, after Miranda advice had been given, because it was derived from the prior unlawful conduct. A report and recommendation favors the Government. Doc. 40 (attached).

One ground for objection to the search is that a subsequent decision, Arizona v. Gant, 129 S. Ct. 1710 (2009), limited automobile searches when the firearm is completely separated from the person being arrested. Gant has retroactive application to pending cases.

After review of the record I adopt the proposed findings of fact with one exception hereafter noted, relating to the claimed inevitableness of discovery of the gun. I have serious doubts that the record establishes good faith reliance on then-existing law, but will accept the recommendation because my colleagues in this district have accepted that rationale without the need for proof, and such a conclusion is certainly not in clear error (in the sense that one can predict probable appellate

rejection). It has long been my practice to avoid creating conflict on legal issues within the district unless clearly convinced of error by my colleagues.[1]

Defendant correctly argues that the Gant ruling must be given retroactive effect in its application to pending cases, but the Gant ruling is not widely resulting in suppression of evidence (although illegally obtained) because our local judges, in conformity with rulings elsewhere, indulge in an assumption that there was good faith reliance on prior appellate rulings allowing searches incident to an arrest even when the defendant has been removed from access to the firearm. Thus the judges are marching up the hill, playing the tune of Arizona v. Gant, and then marching down again because the Gant ruling was unanticipated. The Gant ruling is being widely frustrated, except in the Ninth Circuit.

The leading case relied on by my colleagues is United States v. McCane, 573 F.3d 1037 (10th Cir. 2009). Contrary authority is contained in Judge Dorothy Nelson's opinions in United States v. Gonzalez, 578 F.3d 1130 (9th Cir. 2009), rehearing en banc denied, 598 F.3d 1095 (2010).

Speculation that the Ninth Circuit decision may not survive in the Supreme Court is placed in doubt by several factors. The Gant majority included Justices Thomas and Scalia. It seems that the Scalia concurrence in Thornton v. United States, 541 U.S. 615, 625 (2004), signaled the possible demise of over-generous usage of searches incident to an arrest. Moreover, in the Alito dissent in Gant, he asserted that the decision "will cause the suppression of evidence gathered in many searches carried on in good-faith reliance on well-settled case law" (129 S. Ct. at 1726), thus

---

[1]This is not unlike the appellate practice of accepting rulings by earlier panels, and an Eighth Circuit practice of following a Circuit ruling elsewhere unless "'clearly convinced that it is wrong.'" McDuffie v. United States, 769 F.2d 492, 494 (8th Cir. 1985).

2

anticipating the Gonzalez decision as a logical application of Gant. The majority did not take issue with this complaint.

If I were making new law here, which I am not, I would be inclined to allow a good faith reliance defense of the product of an unlawful Gant search, but would require the prosecution to prove such reliance, by showing that the searching officer actually followed some practice he or she had been trained to use, presumably in reliance on then-current legal rulings. No other court seems to have used this practice, which I find tempting. Many or most searches could probably be justified in that manner, but quite a few would be shown to be unsophisticated efforts to investigate in a manner condemned by the Court in Gant.

I acquiesce in the use of McCane by my colleagues and will accept that ruling and deny the motion to suppress. If the search was justifiable under McCane, the statement induced by the anticipated search and the one made after the search would be admissible.

If this case were to be appealed it may be useful to note my disagreement with the inevitable discovery theory. The proposed findings of fact need to be supplemented. The towing in question was a FIP procedure (Felon in Possession). Tr. 62-3, 68. This was dependent on discovery of the gun. If the firearm search was not usable, the arrest would have been for a parking violation warrant. Towing would have been discretionary (Tr. 46) and there is no reason to conclude it would inevitably be used, so an inventory would not inevitably occur, which would have disclosed the firearm.

For the reasons stated I join my colleagues and deny the motions to suppress (Doc. 9). SO ORDERED.

/s/ Howard F. Sachs  
HOWARD F. SACHS  
UNITED STATES DISTRICT JUDGE

January  6 , 2011

Kansas City, Missouri